IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ENTRUST ENERGY, INC., *et al.*,[1] | § | Case No. 21-31070 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF MCDERMOTT WILL & EMERY LLP
AS COUNSEL EFFECTIVE AS OF MAY 3, 2021**

> **THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND ANY HEARING ON THE APPLICATION SCHEDULED BY THE COURT. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy cases (the "Chapter 11 Cases") of Entrust Energy, Inc., *et al*. (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Entrust Energy, Inc. (2194); Entrust Treasury Management Services, Inc. (2347); Entrust Energy East, Inc. (3446); Power of Texas Holdings, Inc. (8159); Knocked, Corp. (0195); Akyta Holdings, Inc. (7696); Enserve, Inc. (9111); Akyta, Inc. (7560); Energistics, Inc. (3460); SPH Investments, Inc. (0271); Akyta IP, Inc. (8798); Surge Direct Sales, Inc. (7225); Entrust Energy Operations, Inc. (7479); Strategic Power Holdings, LLC (7069); NGAE, Inc. (1888). The Debtors' mailing address is Entrust Energy, Inc., 1301 McKinney Street, Suite 2950, Houston, Texas 77010.

"Debtors") submits this application (the "Application") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the employment and retention of McDermott Will & Emery LLP ("McDermott") as counsel to the Committee, effective as of May 3, 2021, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), and the U.S. Trustee Guidelines (defined herein). In support of this Application, the Committee submits the Declaration of Charles R. Gibbs (the "Gibbs Declaration"), attached hereto as **Exhibit B**. In further support of this Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"), has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Committee confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Bankruptcy Code sections 328(a), 330, 331, and 1103(a), Bankruptcy Rule 2014, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4. On March 30, 2021 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases. Since the Petition Date, the Debtors have remained in possession of their assets and

have continued to operate their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.  On April 28, 2021, the United States Trustee for Region 7 appointed a three-member Committee consisting of: (i) Bandon River Capital, LLC; (ii) MAJ Marketing, LLC; and (iii) Brookfield Properties.[2]

6.  On May 3, 2021, the Committee selected McDermott as its proposed bankruptcy counsel. On the date thereof, the Committee selected FTI Consulting, Inc. ("FTI") as its financial advisor.

### RELIEF REQUESTED

7.  By this Application, the Committee requests entry of the proposed order, attached hereto as **Exhibit A**, authorizing the employment and retention of McDermott effective as of May 3, 2021, the date on which the Committee selected McDermott to serve as its proposed bankruptcy counsel and on which McDermott began rendering services to the Committee. Subject to the terms set forth herein, the Committee seeks to retain McDermott in accordance with McDermott's normal hourly rates in effect when services are rendered and normal reimbursement policies subject to Local Rule 2016-1.

### THE RETENTION OF MCDERMOTT IS WARRANTED

8.  The Committee believes that McDermott possesses extensive knowledge and expertise in the substantive areas of law relevant to these Chapter 11 Cases and is well qualified to represent the Committee herein. In selecting counsel, the Committee sought attorneys with considerable experience representing the interests of unsecured creditors in chapter 11 cases of this nature. McDermott has represented Debtors, unsecured creditors' committees, and other

---

[2] ECF No. 95.

parties in interest in numerous other cases.  McDermott also has a broad-based practice in other key areas of law relevant to these Chapter 11 Cases.  In particular, McDermott has significant experience in connection with retail energy provider restructurings.  The Committee believes that McDermott is well qualified to serve as its counsel in these Chapter 11 Cases.

**I.** **Scope of Services**

9. McDermott will render, among other things, the following legal services to the Committee:

   a. advise the Committee with respect to its rights, duties and powers in these Chapter 11 Cases;

   b. assist and advise the Committee in its consultations with the Debtors in connection with the administration of these Chapter 11 Cases;

   c. assist the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors;

   d. assist the Committee in connection with any proposed plan;

   e. advise and represent the Committee in connection with the Debtors' relationships with their vendors and suppliers;

   f. assist the Committee in analyzing the claims of the Debtors' creditors, including the Debtors' purported prepetition secured creditors;

   g. advise and represent the Committee in connection with matters generally arising in these Chapter 11 Cases;

   h. appear before the Court and, as applicable, any other federal, state, or appellate court on behalf of the Committee;

   i. prepare, on behalf of the Committee, any pleadings, including, without limitation, motions, memoranda, complaints, objections, and responses to any of the foregoing; and

   j. perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

10. McDermott will coordinate with all other estate professionals, including the Debtors' professionals and other appointed committees, if any, to avoid duplication of efforts.

## II. McDermott's Disinterestedness and Disclosure Concerning Conflicts of Interest

11. As more fully set forth in the Gibbs Declaration, McDermott reviewed the list of interested persons and entities annexed to the Debtors' application to retain counsel and ran the list of relevant parties in interest included on Schedule 1 to the Gibbs Declaration through its conflict system consistent with the U.S. Trustee's requirements. McDermott does not represent, or have any other connection with, any of the parties in interest listed on Schedule 1, subject to the disclosures set forth below and in the Gibbs Declaration. McDermott will not, while employed by the Committee, represent any entity having an adverse interest in connection with these Chapter 11 Cases. McDermott's conflict search resulted in the disclosures set forth on Schedule 2 to the Gibbs Declaration.

12. The Committee is aware that McDermott currently represents certain interested parties in matters unrelated to the Chapter 11 Cases, as further identified in the Gibbs Declaration and listed on Schedule 2. McDermott does not and will not represent any such interested parties in any matter related to the Debtors. The Committee hereby waives any conflict of interest that exists or may exist due to McDermott's representation of such interested parties in matters unrelated to the Debtors.

13. In addition to the disclosures set forth on Schedule 2 and in the preceding paragraph, the Committee is aware that McDermott currently represents an affiliate of Shell Energy North America (US), L.P. ("SENAUS") in matters unrelated to the Debtors.

14. The Committee does not believe McDermott's representation of affiliates of SENAUS in unrelated matters will impair McDermott's ability to represent the Committee as counsel in these Chapter 11 Cases. The Committee has been informed that McDermott will

conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. To the extent that McDermott discovers any connection with any interested party or enters into any new relationship with any interested party, McDermott will promptly supplement its disclosure to the Court.

15. Based on the Gibbs Declaration, the Committee submits that McDermott is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14), and neither represents nor holds an interest materially adverse to the interests of the Committee, the Debtors, or their estates with respect to the matters on which McDermott is to be employed.

### III.   Professional Compensation

16. The Committee requests that all legal fees and related costs and expenses incurred by the Committee on account of services rendered by McDermott in these Chapter 11 Cases be paid as administrative expenses of the Debtors' estates pursuant to Bankruptcy Code sections 328, 330(a), 331, 503(b), and 507(a). Subject to the Court's approval, McDermott will charge the Committee for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered.

17. McDermott intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and any further orders of this Court for all services performed and expenses incurred since May 3, 2021.

18. McDermott's standard hourly rates for attorneys that may work on this matter, subject to annual adjustment in January to reflect economic and other conditions, are set forth below.

| Title | 2021 Rates |
|---|---|
| Partners | $945 - $1,575 |
| Associates | $580 - $1,010 |
| Non-lawyer Professionals | $195 - $540 |

19. McDermott has advised the Committee that the hourly rates set forth above are subject to annual increases in the normal course of McDermott's business. In the event of any such increase, McDermott will provide the U.S. Trustee and the Committee with written notice of any such increase and file a supplemental affidavit (a "Supplemental Affidavit") with the Court.

20. Pursuant to Bankruptcy Code section 328(a), the Committee may retain McDermott on reasonable terms and conditions. The hourly rates set forth above are the firm's standard hourly rates for work of this nature. The firm's standard rates are set at a level designed to compensate the firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

21. McDermott will charge for expenses in a manner and at rates consistent with charges made generally to its other clients and in accordance with the Bankruptcy Rules, Local Bankruptcy Rules, the U.S. Trustee Guidelines and any applicable orders of this Court. Such expenses include, among other things, long-distance telephone calls, faxes (outgoing only) not exceeding $0.25 per page, mail and express mail charges, special or hand delivery charges, photocopying charges at the rate of $0.10 per page for black and white copies, travel expenses, expenses for computerized research, and transcription costs.

22. The Committee requests approval of the employment of McDermott, effective as of May 3, 2021. Such relief is warranted by the circumstances presented by these Chapter 11 Cases. The Committee's selection of McDermott on May 3, 2021 necessitated that McDermott

7

immediately commence work on time-sensitive matters and promptly devote substantial resources to these Chapter 11 Cases pending submission and approval of this Application.

23. No prior application for the relief requested herein has been presented to this Court or any other court.

## NOTICE

24. Notice of this Application will be provided to: (i) the Debtors; (ii) counsel to the Debtors, Baker & Hostetler LLP; (iii) counsel to Shell Energy North America (US), L.P.; (iv) the Office of the Attorney General of the State of Texas; (v) the Public Utilities Commission of Texas; (vi) the Internal Revenue Service; (vii) the United States Trustee for the Southern District of Texas; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, the Committee requests that the Court enter an order substantially in the form attached hereto as **Exhibit A** (i) authorizing the Committee to retain McDermott as counsel effective as of May 3, 2021, (ii) authorizing payment of such compensation to McDermott as may be allowed by this Court, and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: Houston, Texas
        May 28, 2021

Respectfully submitted,

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENTRUST ENERGY, INC., *ET AL*.

By    */s/ Corey Smith*
        Bandon River Capital, LLC
        Corey Smith

Chair of the Official Committee of Unsecured Creditors of Entrust Energy, Inc., *et al*.[3]

---

[3] Pursuant to the Committee's bylaws, Bandon River Capital, LLC, as Chair of the Committee, is empowered to act on behalf of the Committee, as appropriate, to implement certain decisions of the Committee.

## **CERTIFICATE OF SERVICE**

I certify that on May 28, 2021, I caused a true and correct copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas upon all parties of record consenting to such service and by First Class U.S. Mail on the parties listed below.

                                                   */s/ Charles R. Gibbs*
                                                     Charles R. Gibbs

| | |
|---|---|
| Entrust Energy, Inc.<br>1301 McKinney Street<br>Suite 2950<br>Houston, Texas 77010<br>***Via First Class U.S. Mail*** | Shell Energy North America (US), L.P.<br>Attn: General Counsel<br>1000 Main Street<br>Level 12<br>Houston, Texas 77002<br>***Via First Class U.S. Mail*** |
| Internal Revenue Service<br>Houston Division<br>1919 Smith Street<br>Houston, Texas 77002<br>***Via First Class U.S. Mail*** | Office of the Attorney General of the State of Texas<br>Bankruptcy & Collections Division<br>PO Box 12547 – MC 008<br>Austin, Texas 78711-2548<br>***Via First Class U.S. Mail*** |
| Internal Revenue Service<br>Special Procedures – Insolvency<br>P.O. Box 7346<br>Philadelphia, Pennsylvania 19101-7346<br>***Via First Class U.S. Mail*** | |