

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
06/21/2021

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ENTRUST ENERGY, INC., *et al.*,[1] | § | Case No. 21-31070 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MCDERMOTT WILL & EMERY LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF MAY 3, 2021

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases for entry of an order authorizing the Committee to employ and retain McDermott Will & Emery LLP ("McDermott") as counsel effective as of May 3, 2021, the date on which the Committee determined to employ McDermott as its counsel in these Chapter 11 Cases, pursuant to Bankruptcy Code sections 328(a) and 1103; and upon the Gibbs Declaration attached to the Application as **Exhibit B**; and the Court having jurisdiction pursuant to Bankruptcy Code section 1334 to consider the Application and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and the Court being satisfied that notice of the Application and the opportunity for a hearing on the Application was appropriate

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Entrust Energy, Inc. (2194); Entrust Treasury Management Services, Inc. (2347); Entrust Energy East, Inc. (3446); Power of Texas Holdings, Inc. (8159); Knocked, Corp. (0195); Akyta Holdings, Inc. (7696); Enserve, Inc. (9111); Akyta, Inc. (7560); Energistics, Inc. (3460); SPH Investments, Inc. (0271); Akyta IP, Inc. (8798); Surge Direct Sales, Inc. (7225); Entrust Energy Operations, Inc. (7479); Strategic Power Holdings, LLC (7069); NGAE, Inc. (1888).  The Debtors' mailing address is Entrust Energy, Inc., 1301 McKinney Street, Suite 2950, Houston, Texas 77010.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

under the particular circumstances and no further or other notice need be given; and the Court being satisfied, based on the representations made in the Application and the Gibbs Declaration, that McDermott does not represent or hold any interest materially adverse to the Debtors or their estates as to the matters upon which McDermott has been and is to be employed, and that McDermott is a "disinterested person," as such term is defined in Bankruptcy Code section 101(14); and that while employed by the Committee, McDermott will not represent any other person or entity having an adverse interest in connection with these Chapter 11 Cases; and this Court having determined that the legal and factual bases set forth in the Application and the Gibbs Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED as follows:

1. Omitted.

2. Pursuant to Bankruptcy Code sections 328 and 1103(a) and Bankruptcy Rule 2014, the Committee is authorized to employ and retain McDermott as its counsel effective as of May 3, 2021, as modified by this Order.

3. McDermott shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with Bankruptcy Code sections 330 and 331, and applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and such other procedures as may be fixed by order of this Court. For billing purposes, McDermott shall keep its time in one-tenth (1/10) hour and intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures. All billing records filed in support of fee applications will use an open and searchable LEDES or other electronic data format. Billing records will use the U.S. Trustee's standard project categories.

4. McDermott will provide written notice of any rate increases to the Committee, the United States Trustee, and the Debtors, and will file a Supplemental Affidavit with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declarations attached to the Application, McDermott shall not be entitled to reimbursement for fees and expenses in connection with the defense of any objection to its fees, without further order of the Court.

6. McDermott shall not charge a markup to the Committee with respect to fees billed by contract attorneys who are hired by McDermott to provide services to the Committee and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

7. McDermott shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these chapter 11 cases.

8. McDermott will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, McDermott will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

9. To the extent the Application, Declaration, or Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

10. The Committee and McDermott are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from the implementation of this Order.

Signed: June 21, 2021

_____
Marvin Isgur
United States Bankruptcy Judge