IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 |
| | § | |
| ENTRUST ENERGY, INC., *et al.*,[1] | § | CASE NO. 21-31070 (MI) |
| | § | |
| Debtors. | § | |

**OBJECTION OF ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC. TO THE (I) AMENDED JOINT PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF ENTRUST ENERGY, INC. AND ITS DEBTOR AFFILIATES [DOCKET NO. 402], AND (II) NOTICE OF FILING PLAN SUPPLEMENT [DOCKET NO. 443]**

TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE:

Electric Reliability Council of Texas, Inc. ("ERCOT") files this *Objection* (the "Objection") to the (i) *Amended Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code of Entrust Energy, Inc. and its Debtor Affiliates* [Docket No. 402] (the "Plan"), and (ii) *Notice of Filing Plan Supplement* [Docket No. 443] (the "Plan Supplement"), and in support thereof respectfully states as follows:[2]

## I.    PRELIMINARY STATEMENT

1.    ERCOT has been working with counsel for the Debtors and counsel for the UCC to resolve and/or narrow its objections to the Plan and Plan Supplement and will continue to work with counsel for the Debtors and counsel for the UCC to try to resolve its objections to the Plan and Plan Supplement in advance of the Hearing.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Entrust Energy, Inc. (2194); Entrust Treasury Management Services, Inc. (2347); Entrust Energy East, Inc. (3446); Power of Texas Holdings, Inc. (8159); Knocked, Corp. (0195); Akyta Holdings, Inc. (7696); Enserve, Inc. (9111); Akyta, Inc. (7560); Energistics, Inc. (3460); SPH Investments, Inc, (0271); Akyta IP, Inc. (8798); Surge Direct Sales, Inc. (7225); Entrust Energy Operations, Inc. (7479); Strategic Power Holdings, LLC (7069); NGAE, Inc. (1888). The Debtors' mailing address is Entrust Energy, Inc., 1301 McKinney Street, Suite 2950, Houston, TX 77010.

[2] The Debtors and the UCC agreed to extend the deadline by which ERCOT may file an objection to the Plan to Noon (CT), December 18, 2021.

**OBJECTION TO AMENDED JOINT PLAN AND PLAN SUPPLEMENT - Page 1**
4867-7825-9974v.2 012761.00010

## II. PROCEDURAL BACKGROUND

2. On March 30, 2021 (the "Petition Date"), Entrust Energy, Inc. and certain of its affiliates (collectively, the "Debtors") filed their voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, §§ 101, *et seq.* (as amended, the "Bankruptcy Code"), thereby initiating the above-captioned, jointly administered bankruptcy cases (collectively, the "Bankruptcy Case").

3. The Debtors are debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. The Official Committee of Unsecured Creditors was appointed on April 28, 2021 (the "UCC").

4. On August 10, 2021, ERCOT filed Proof of Claim No. 107 in the Entrust Energy, Inc. bankruptcy case in the amount of $296,940,248.94 (the "ERCOT Claim").[3]

5. On November 10, 2021, the Debtors filed the Plan.

6. On November 11, 2021, the Debtors filed the *Amended Disclosure Statement Pursuant to 11 U.S.C. § 1125, for Chapter 11 Plan of Liquidation of Entrust Energy, Inc. and its Debtor Affiliates, as Modified* [Docket No. 409] (the "Disclosure Statement").

7. On December 6, 2021, the Debtors filed the Plan Supplement. Attached as Exhibit "A" and made a part of the Plan Supplement is the proposed Liquidating Trust Agreement and Declaration of Trust (the "Trust Agreement").

8. The hearing to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan is scheduled for December 20, 2021 at 10:00 a.m. (CT) (the "Hearing").

---

[3] Also on August 10, 2021, ERCOT filed Proof of Claim No. 108 in the Power of Texas Holdings, Inc. bankruptcy case in the amount of $1,453.01.

**OBJECTION TO AMENDED JOINT PLAN AND PLAN SUPPLEMENT - Page 2**
4867-7825-9974v.2 012761.00010

### III. OBJECTION

#### A. As the Holder of the Largest Unsecured Claim, ERCOT Should be a Member of the Oversight Committee

9. The ERCOT Claim was filed in the amount of approximately $297 million.[4] Attached as Exhibit A to the Disclosure Statement is the Debtors' Liquidation Analysis (the "Liquidation Analysis"). Pursuant to the Liquidation Analysis for Debtor Entrust Energy, Inc., under the Low Recovery Scenario the total amount of general unsecured claims is estimated at $366.6 million with the ERCOT claim at $297 million being 81% of the general unsecured claim pool. In the High Recovery Scenario, the Debtors estimate a general unsecured claim pool of $91 million for Debtor Entrust Energy, Inc. with the ERCOT Claim assumed to be reduced to $80 million.[5] Under the Debtors' High Recovery Scenario, the ERCOT Claim would constitute 88% of the general unsecured claim pool. Accordingly, under either of the Debtors' high or low recovery liquidation scenarios for Entrust Energy, Inc. the ERCOT Claim would exceed 80% of the general unsecured claim pool.

10. Notwithstanding that the ERCOT Claim does constitute and will constitute the majority of the general unsecured claim pool, ERCOT has not been designated to be a member of the Oversight Committee per the Trust Agreement. The following individuals and entities have been designated to be members of the Oversight Committee: (i) Anna Phillips, who is also the proposed Trustee of the Entrust Liquidating Trust (the "Trust"), (ii) Bandon River Capital ("Bandon River"), and (iii) Brookfield Properties. Bandon River and Brookfield Properties are both members of the UCC.

11. Bandon River is listed as a litigation target on Exhibit "C-1" to the Disclosure Statement with potential claims listed of "(p)otential preference and/or fraudulent transfer

---

[4] Entrust Energy, Inc. scheduled ERCOT as having a disputed claim in the amount of $285 million.
[5] ERCOT disputes that the ERCOT Claim should be reduced in any amount.

claims, breach of contract, contract damages, tortious interference, etc." Entrust Energy, Inc. scheduled Bandon River as having a claim based on "Broker Commissions" in the amount of $1,087,296.06. On July 23, 2021, Bandon River filed its initial proof of claim asserting a claim in the amount of $26,872,405.35 with an asserted basis of "Damages from Breach of Contract & Negligence" (the "Initial Bandon POC"). On August 24, 2021, Bandon River filed an amended proof of claim in the same amount of $26,872,405.35 (the "Subsequent Bandon POC" and together with the Initial Bandon POC, the "Bandon Claim").

12. On information and belief, the claims relating to Brookfield Properties are two proofs of claim filed by BSREP II Houston Office 3HC Owner, LLC in the amounts of $437,830.91, assigned Claim No. 119 in the NGAE, Inc. bankruptcy case, and Claim No. 124 in the Entrust Energy, Inc. bankruptcy case (collectively, the "Brookfield Claims").

13. As set forth above, the third proposed member of the Oversight Committee is Anna Phillips, who is also the proposed Trustee of the Trust.

14. As the largest unsecured creditor in the Bankruptcy Case by a substantial amount, with the largest economic interest in the outcome of the Shell Litigation and the successful pursuit of objections to the Bandon Claim and the Nippon Claims, ERCOT should be a member of the Oversight Committee.[6] With regard to any decisions that the Oversight Committee is involved in concerning the ERCOT Claim, ERCOT would be walled off in the same way that Bandon River should be walled off from any decisions of the Oversight Committee with regard to the Bandon Claim or litigation involving Bandon River.

---

[6] In Exhibit C-1 to the Disclosure Statement, the Debtors have listed Nippon Gas Co., Ltd and all affiliates and Nippon Gas USA, Inc. and all affiliates as litigation targets for recharacterization of debt to equity and equitable subordination. The Nippon entities have filed numerous proofs of claim, some of which appear duplicative of each other (collectively, the "Nippon Claims").

**B.     Alternatively, if the Court Approves the Current Proposed Composition of the Oversight Committee, ERCOT Should be Granted Standing to Object to and/or Oppose the Nippon Claims and the Bandon Claim**

15.     Currently, ERCOT has standing to file objections to the Nippon Claims and the Bandon Claim.  *See* 11 U.S.C. § 502(a).  The Trust Agreement, however, provides that only the Trust will have the right to file claim objections and pursue causes of action.  More specifically, the Trust Agreement provides in pertinent part as follows:

> 3.3     Exclusive Authority to Pursue Causes of Action.
> The Trust shall have the exclusive right, power, and interest to review, reconcile, enforce, collect, compromise, settle, or elect not to pursue the Causes of Action.  The Trust shall be the sole representative of the Estates under section 1123(b)(3) of the Bankruptcy Code with respect to the Causes of Action.  The Trust shall be vested with and entitled to assert all setoffs and defenses of the Debtors or the Trust to any counterclaims that may be asserted by any defendant with respect to any Cause of Action.
>
> 3.5     Responsibility for Administration of Claims.
> The Trust shall have the exclusive right to object to the allowance of any Claim or Equity Interest on any ground, to file, withdraw or litigate to judgment objections to Claims or Equity Interests, to settle or compromise any Disputed Claims or Disputed Equity Interests without any further notice to or action, order or approval by the Bankruptcy Court, and to assert all defenses of the Debtors and their Estates.

16.     Given that ERCOT is the largest unsecured creditor by far, it has a vested economic interest in the pursuit and outcome of claim objections and/or litigation concerning the Nippon Claims and the Bandon Claim.  Therefore, if the Court approves the current composition of the Oversight Committee meaning that ERCOT is not on the Oversight Committee then ERCOT requests that it be granted standing, post-confirmation, to object to and/or oppose the allowance of the Nippon Claims and the Bandon Claim.

C. **The Trustee/Trust Should be Required to Seek Approval From the Bankruptcy Court of Any Settlement When the Filed Claim Exceeds $500,000.00 and/or the Amount in Controversy Exceeds $500,000.00**

17. The provisions of the Trust Agreement leave the beneficiaries of the Trust without recourse or visibility. As set forth below, beneficiaries of the Trust have no right to seek an accounting and no standing to direct or seek to direct the Trust or Trustee to take action. Nor is the Trust required to seek approval of compromises and settlements at any monetary level. More specifically, the Trust Agreement provides as follows:

> Section 5.4    No Right to Accounting.
> Neither the Beneficiaries nor their successors, assigns, creditors, nor any other Person shall have any right to an accounting by the Trustee, and the Trustee shall not be obligated to provide any accounting to any Person. Nothing in this Agreement is intended to require the Trustee at any time or for any purpose to file any accounting or seek approval of any court with respect to the administration of the Trust or as a condition for making any advance, payment, or Distribution out of proceeds of Trust Assets.
>
> Section 5.5    No Standing.
> Except as expressly provided in this Agreement, a Beneficiary shall not have standing to direct or to seek to direct the Trust or Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any Person upon or with respect to the Trust Assets.

18. Further, as detailed above in section 3.5 of the Trust Agreement, the Trustee has the exclusive right to "settle or compromise any Disputed Claims or Equity Interests <u>without any further notice to or action, order or approval by the Bankruptcy Court</u>, …." Trust Agreement § 3.5 (emphasis added).

19. Accordingly, under the terms of the Trust Agreement, the Trustee can settle the Bandon Claim, the Nippon Claims, and the Shell Litigation, where the Debtors are seeking damages in excess of $175 million, without providing notice to any beneficiaries of the Trust, including the largest beneficiary, ERCOT. The Trustee/Trust should be required to file Motions

to Approve Compromise and Settlement pursuant to Federal Rule of Bankruptcy Procedure 9019 when the claim in dispute exceeds $500,000.00 and/or where the amount in controversy exceeds $500,000.00.

**D.      The Trust Agreement Provision Regarding the Payment of Fees and Expenses of Members of the Oversight Committee Should be Revised**

20.      Section 8.5 of the Trust Agreement provides as follows:

> 8.5      Payment of Fees and Expenses.
> The Trustee shall pay from the Trust Assets the reasonable out-of-pocket expenses of the members of the Oversight Committee, which payments shall be allocated to the specific Debtor Estate(s) incurring such fees and expense in recognition of the non-consolidation of the Debtors' Estates under the Plan.  The Bankruptcy Court shall hear and finally determine any dispute arising out of this section.

The foregoing language is too broad.  Section 503(b)(3)(F) of the Bankruptcy Code is instructive.  It provides as follows:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including – (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by – (F) a member of a committee appointed under section 1102 of this title, if such expenses are incurred in the performance of the duties of such committee; ….

11 U.S.C. § 503(b)(3)(F).

21.      ERCOT acknowledges that the foregoing section of the Bankruptcy Code is not applicable to the Oversight Committee, but asserts that its terms are instructive to the analogous situation of an Oversight Committee v. an Unsecured Creditors Committee  For example, a member of an Unsecured Creditors Committee is not entitled to reimbursement of attorneys' fees of its counsel, if such counsel attends Unsecured Creditors Committee meetings and/or advises the member regarding its service on the Unsecured Creditors Committee.  Similarly, members of the Oversight Committee should not have attorneys' fees of their attorneys paid out of Trust

Assets unless such attorney fees are reimbursable under the Indemnification provision of the Trust Agreement. It should also be made clear that no attorneys' fees for members of the Oversight Committee will be paid out of Trust Assets if they are incurred by such members in their individual capacity and not in connection with their role as a member of the Oversight Committee.

22. ERCOT proposes that section 8.5 of the Trust Agreement be revised as follows with ERCOT's proposed revisions underlined:

> 8.5 <u>Payment of Fees and Expenses.</u>
> The Trustee shall pay from the Trust Assets the reasonable out-of-pocket expenses of the members of the Oversight Committee <u>incurred solely in connection with their role as an Oversight Committee member, and not in their individual capacity,</u> which payments shall be allocated to the specific Debtor Estate(s) incurring such fees and expense in recognition of the non-consolidation of the Debtors' Estates under the Plan. <u>For the avoidance of doubt, attorneys' fees incurred by an Oversight Committee member, including, but not limited to, attendance at any meetings of the Oversight Committee shall not be paid out of the Trust Assets pursuant to this section 8.5.</u> The Bankruptcy Court shall hear and finally determine any dispute arising out of this section.

**E.     Approval by the Committee of Acts or Omissions of the Trustee.**

23. Section 6.7 of the Trust Agreement provides in pertinent part: "The Trustee shall not be liable for any act or omission approved by the Committee under Article VIII of this Agreement, and all such actions or omissions shall conclusively be deemed not to constitute fraud, gross negligence or willful misconduct." Such provision should not be approved for these types of acts or omissions.

## IV.     RESERVATION OF RIGHTS

24. ERCOT reserves the right to amend and/or supplement this Objection. ERCOT, the Debtor and the UCC have resolved certain other objections ERCOT has to the Plan, through the agreement to include additional and/or revised language in the Plan. To the extent that such language is not included in the Plan, ERCOT reserves the right to raise those objections with the Court. Further, ERCOT has not seen a copy of the proposed confirmation order and reserves all rights to assert objections with regard to the provisions of same and reserves all rights to assert objections with regard to any amendments to the Plan that it has not yet seen.

WHEREFORE, PREMISES CONSIDERED, ERCOT respectfully requests that this Court enter an Order sustaining the Objection; and that the Court grant such other and further relief to which ERCOT may be justly entitled at law or in equity.

Dated: December 18, 2021

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Deborah M. Perry
Kevin M. Lippman
Texas Bar No. 00784479
Deborah M. Perry
Texas Bar No. 24002755
500 N. Akard Street, Suite 3800
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

ATTORNEYS FOR ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.

## CERTIFICATE OF SERVICE

      This is to certify that the undersigned caused a true and correct copy of the foregoing Objection to be served via electronic notice upon the parties who receive electronic notice in this case pursuant to the Court's ECF filing system, on the 18th day of December, 2021.

                                         /s/ Deborah M. Perry
                                         Deborah M. Perry